# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-2007

_____

Rev. Tom Brown

*Plaintiff - Appellant*

v.

Arkansas Department of Finance and Administration; Loretta Turner, Northwest Arkansas District Manager for the Revenue Division of the Arkansas Department of Finance and Administration

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: January 31, 2017
Filed: February 3, 2017
[Unpublished]

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

The Reverend Tom Brown appeals after the district court[1] granted summary judgment to defendants on his claims that they violated his free speech and religious-rights protected by the First Amendment of the United States Constitution, the Religious Freedom Restoration Act, and the Arkansas Religious Freedom Restoration Act. His claims were based on a challenge to an Arkansas Department of Finance and Administration policy prohibiting, inter alia, collecting signatures on petitions at State revenue offices located on leased property.

After carefully reviewing the record and the parties' arguments on appeal, we conclude that summary judgment was warranted. See Beaulieu v. Ludeman, 690 F.3d 1017, 1024 (8th Cir. 2012) (standard of review). Specifically, we conclude that the undisputed evidence showed that the private property immediately surrounding the revenue office where Brown solicited signatures was a nonpublic forum, see United States v. Kokinda, 497 U.S. 720, 726-29 (1990) (plurality opinion) (interior sidewalk on postal service property leading from parking area to front door of post office was nonpublic forum); Cornelius v. NAACP Legal Def. & Educ. Fund, 473 U.S. 788, 802 (1985) ("government does not create a public forum by inaction or by permitting limited discourse, but only by intentionally opening a nontraditional forum for public discourse"); that the policy was reasonably related to the State's interest in running revenue offices, and was viewpoint neutral, see Kokinda, 497 U.S. at 730 (nonpublic forum speech regulation must be reasonable and "not an effort to suppress expression merely because public officials oppose the speaker's view"); Initiative & Referendum Inst. v. United States Postal Serv., 685 F.3d 1066, 1069, 1073 (D.C. Cir. 2012) (ban on collecting signatures on post office interior sidewalk was facially reasonable and valid); and that the policy neither interfered with the free exercise of his religion, nor substantially burdened a sincere religious exercise or belief of Brown's. Accordingly, we affirm. See 8th Cir. R. 47B.

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.